Estelle L. KESEND, Harry Magdeoff and Irving L. Gartenberg, as Co-Executors of the Estate of Harry A. Kesend, Deceased, Plaintiffs-Appellees,

v.

DUPONT TOWERS, INC., a Florida Corporation, Defendant,

Samuel Brown, Individually, Defendant-Appellant.

No. 28377

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 11, 1970.

Rehearing Denied June 10, 1970.

Joe N. Unger, Miami Beach, Fla., for defendant-appellant.

John L. Britton, Miami, Fla., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This is an action on a promissory note executed by defendants, Dupont Towers, Inc. (hereinafter Dupont) and its president, Samuel Brown (hereinafter Brown) in favor of one Kesend (who is now deceased and is represented by his executors, plaintiffs herein) for a loan of $240,000 made to defendants by Kesend. Simultaneously executed with the promissory note was an "Agreement" between the defendants and Kesend in which the latter agreed to lend the $240,000 to the defendants for the purchase and improvement of real estate upon which the defendants planned to construct a 140-unit apartment complex. The defendants had previously obtained a 2.5 million dollar permanent financing commitment from Home Life Insurance Company and interim financing of 2.05 million dollars from a local bank for the construction of the building. Such commitments were warranted by the defendants in the "Agreement". In addition, further warranties were made by defendants, jointly and severally, in the "Agreement" to the effect that the proceeds of the loan would be used only for acquisition of the real estate and for "proper corporate expenses incurred * * * in the construction of the im-provements referred to in the permanent commitment issued by Home Life * * *". The "Agreement" further provided in *Paragraph 4*:

It is understood * * * that * * * the principal amount of said note shall be accelerated and become due * * * in the event that [Dupont] breaches and/or fails to perform * * * any of the matters and things specifically set forth as * * * warranties [supra] * * *;

In addition thereto, said indebtedness shall become accelerated and due in the event that the permanent commitment above referred to shall be reached and/or terminated prior to consummation of said permanent financing.

And in *Paragraph 5*:

As a further prime consideration for the making of said loan by Kesend to [Dupont], SAMUEL BROWN and the remaining stockholders, jointly and severally, hereby agree that if said promissory note shall become accelerated in the manner hereinabove set forth, * * * SAMUEL BROWN shall pay to Kesend the said sum of Two Hundred and Forty Thousand Dollars ($240,000.00), together with accrued interest * * * The requirement of payment of said indebtedness by SAMUEL BROWN in the event of occurrence of matters and things hereinabove set forth *shall not be waived,* released or relinquished by reason of any matter or agreement whatsoever, *unless the same is consented to in writing by Kesend.* [Emphasis supplied].

The action was originally brought against both Dupont and Brown. Summary judgment was granted plaintiffs as to Dupont. (Dupont was at the time of judgment, and is now, a defunct corporation). As to Brown's individual liability under the "Agreement", the District Court, sitting without a jury, entered a final judgment for plaintiffs against Brown for the full amount of

the note, plus interest and attorney's fees. In support of the judgment, the Court made several Findings of Fact, two of which are contested by Brown here on appeal. These two are:

7. The Court finds that certain of the warranties and representations set forth in the agreement have been breached. The agreement provided that the corporation had obtained a permanent first mortgage commitment from Home Life Insurance Company * * * This commitment was received and later changed without the consent or approval of Kesend or of the representatives of his estate. As a result [Dupont] was permitted to draw down the sum of $450,000.00, which under the original agreement was to be held in escrow by the lender until the building was completed and a substantial portion of the building rented. In addition, the interest rate and the payments contained in the first mortgage commitment were changed and were, in fact, by the second commitment increased.

8. That the * * * evidence disclosed that some insignificant funds were withdrawn from the corporation without the consent of Kesend or his executors and used contrary to the terms of the agreement.

Brown's only contention here on appeal is that there was insufficient evidence to support these Findings of Fact.

As to the first finding, the record shows that Brown had obtained the permanent financing commitment as he had warranted. The record also shows that Dupont drew down $450,000.00 from the permanent commitment prior to completion of the building. This act of itself was grounds for acceleration under the second half of Paragraph 4, supra.

The reasoning behind this paragraph is that the lender, Kesend, did not want the permanent financing commitment disturbed, as it was his assurance of being repaid. This protection was bargained for and was part of the consideration. Brown's bringing down of $450,000.00 prematurely left Kesend in a less secure position. It was therefore a significant breach in the permanent commitment and called for acceleration. And, of course, acceleration meant that Brown became individually liable under the terms of Paragraph 5. Brown asserts waiver on the grounds that one of Kesend's executors knew of Brown's changing the permanent commitment and did not object. However, waiver, under Paragraph 5, could only be accomplished by written consent of Kesend (or, we assume, his executors) and there was no proof of such.

As to the second finding of fact, the record shows, and Brown admits, that some of the funds loaned by Kesend were used by Brown on other projects. While the amounts so misused may have been insignificant ($1,000 to an engineering firm and $352 for advertising another project) and may have been restored to the funds at a later date, there was nonetheless a breach of a warranty and therefore cause for acceleration.

■ We must therefore conclude that the evidence below was sufficient to support both of the Court's findings of facts. The burden of demonstrating that findings are clearly erroneous under Federal Rules of Civil Procedure, Rule 52(a), is a heavy one, which in this case has not been sustained. See Smith v. United States, 5 Cir., 1961, 287 F.2d 299.

Affirmed.